Clerk's Office
U. S. District Court
**FILED**
03/02/2020
Julia C. Dudley, Clerk
By: /s/ Susan Moody
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN R. LAKE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:18CV00244 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ZACHARY RICHARD ADAMS, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

This negligence action, arising in diversity, stems from an allegation that defendant Zachary Adams drove into plaintiff John Lake while Lake rode his bike through a crosswalk and across a street: Beamer Way in Blacksburg, Virginia. See Compl. Adams asserts the defense of contributory negligence. See Answer.

Discovery is underway in this case. At his deposition, Lake testified that he did not stop before crossing Beamer Way, and saw Adams' vehicle, but assumed that Adams would stop at the stop sign, based on his experience as a bicyclist riding in cities. ECF No. 17-3. Adams testified at his deposition that bushes at the corner of Beamer Way prevented him from fully seeing down the street, and that he pulled forward to see around them. ECF No. 17-1. Adams struck Lake while doing so. Id.

In support of his defense of contributory negligence, Adams offers an expert, Aaron Prussin. Prussin proposes to offer three opinions on what a "reasonable bicyclist" would have done in Lake's position before crossing Beamer Way. ECF No. 16-3, Report for A.J. Prussin. First, according to Prussin, a reasonable bicyclist would have been travelling slow enough to stop before entering the intersection in order to ensure that any vehicles would stop. Second, a reasonable bicyclist would have come to a full and complete stop before entering the intersection. Third, a reasonable bicyclist would not enter the intersection "without certainty" that any traffic

was stopped or stopping. Id. Prussin's proffered qualifications include commuting daily for about five years, taking part in "extensive" road cycling, and riding in "a few" local races and organized rides. Id.

This matter is before the court on Lake's motion to exclude testimony from Prussin on three grounds. ECF No. 15. Lake argues that Prussin is not qualified to be an expert, that Prussin's opinions would not be helpful to a jury, and that Prussin's opinions are unreliable. ECF No. 16.

## Standard of Review

Under Federal Rule of Evidence 702, a qualified expert may provide an opinion if four conditions are met. First, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Second, "the testimony is based on sufficient facts or data." Third, "the testimony is the product of reliable principles and methods." Fourth, "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Whether an expert bases his opinion "upon professional studies or personal experience," courts have a "gatekeeping" role to limit improper expert testimony from reaching a jury. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999) (citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993)). A district court enjoys "broad latitude" in determining the admissibility of expert testimony. Id. at 153.

For a court evaluating whether to permit an expert's testimony, "helpfulness to the trier of fact is its 'touchstone.'" Kopf v. Skyrm, 993 F.2d 374, 377 (4th Cir. 1993) (quoting Friendship Heights Associates v. Koubek, 785 F.2d 1154, 1159 (4th Cir. 1986)). "Expert testimony has its place, but courts are permitted to exclude expert testimony when 'it concerns matters within the everyday knowledge and experience of a lay juror.'" Pitt Ohio Exp., LLC v. Pat Salmon & Sons, Inc., 532 F. App'x 439, 442 (4th Cir. 2013) (quoting Kopf, 993 F.2d at 377). The United States

2

Court of Appeals for the Fourth Circuit has held that "[a]s a general proposition," standards such as "objective reasonableness" "may be comprehensible to a lay juror." Kopf, 993 F.2d at 378. "On the other hand, any 'objective' test implies the existence of a standard of conduct, and, where the standard is not defined by the generic"—for example, by reference to what "a reasonable *officer*" would do as opposed to "a reasonable *person*"—"it is more likely that Rule 702's line between common and specialized knowledge has been crossed." Id. In addition, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a).

## Discussion

Prussin proposes to offer opinions that would not be helpful to a jury. Accordingly, the court grants the motion to exclude his proposed testimony, and need not rule on whether he is qualified as an expert or whether he applied reliable methods in reaching his opinions.[1]

Some courts have allowed experts to testify about specialized driving scenarios, such as commercial truck driving. See, e.g., Lacaillade v. Loignon Champ-Carr, Inc., No. 10-CV-68, 2011 WL 6001792, at *4 (D.N.H. Nov. 30, 2011) (permitting expert opinion on whether truck driver had given bicyclist adequate space when passing him); Hatten v. Sholl, No. 3:01-CV-00031, 2002 WL 236714, at *4 (W.D. Va. Feb. 13, 2002) (finding that testimony from expert in commercial truck driving "would assist the trier of fact who . . . is unlikely to have knowledge of the special procedures involved in reversing a 50,000 ton tractor").

In contrast, courts routinely exclude expert testimony on non-specialized questions about driving. See, e.g., Pitt Ohio Exp., LLC., 532 F. App'x at 442 (affirming preclusion of opinion on "whether someone was driving too slow or too fast or was otherwise negligent under the conditions encountered on April 20, 2009"); Ryans v. Koch Foods, LLC, No. 1:13-CV-234, 2015 WL

---

[1] Although there is no need to rule on the matter, the court has great doubts that Prussin would qualify as an expert under the Federal Rules of Evidence.

3

11108937, at *6 (E.D. Tenn. July 16, 2015) ("The question of what 'any reasonably alert driver' would do, however, does not require any scientific, technical, or other specialized knowledge. The effects of fatigue on a driver are matters of common knowledge."); Carvajal v. H & M Enterprises & Logistics of Statesville, Inc., No. 2:13-CV-07853, 2014 WL 5072726, at *5 (C.D. Cal. Oct. 6, 2014) (precluding expert opinion that plaintiff had "violated bicycle operating regulations").

Looking to the relevant legal standard in this case, the Virginia Supreme Court has ruled that questions of whether a bicyclist at an intersection was contributorily negligent "must be proved according to an objective standard whether the plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances." Rascher v. Friend, 689 S.E.2d 661, 664 (Va. 2010) (internal quotation marks and citations omitted). Further, Virginia courts look to the standard of care exercised by a pedestrian when instructing a jury on the appropriate standard of care for a bicyclist in Lake's position. See Russ v. Destival, 593 S.E.2d 201, 203 (Va. 2004) (holding that jury instructions were in error, citing Va. Code Ann. §§ 46.2-904, 46.2-924(B)). Thus, applying Fourth Circuit authority, the court believes that no specialized knowledge is required to rule on this defense, because a lay jury will have experience as pedestrians. Cf. Kopf, 993 F.2d at 377 (reversing motion to exclude testimony by experts regarding use of a police dog and slapjacks by officer in a reasonable use of force case).

Adams argues that riding a bicycle is a specialized practice, compared to a pedestrian walking. He states that bicycles are "faster, they have operational features which require conscious attention to use ([brakes] and gears)," and have more momentum. Opp. at 2. There is some merit to this argument. The court can imagine matters on which an expert cyclist's opinion could help a jury. See, e.g., Sherwood v. BNSF Ry. Co., No. 2:16-CV-00008, 2019 WL 943467, at *2 (D. Idaho Feb. 25, 2019) (permitting bicycle mechanic to testify regarding proper maintenance and

4

other topics). Prussin, however, seeks to opine on very basic questions of moving in and around traffic.

The court is confident that a lay jury can determine whether Lake was negligent in how he attempted to cross Beamer Way. Unlike driving a semi-truck or perhaps racing a bicycle at high speed—which could require specialized training that a common juror is less likely to have—jurors are capable of gauging how a reasonable bicyclist would cross the street without expert testimony. Many jurors will have ridden a bike before. Some may have ridden one to the courthouse. True, as Adams argues, "[n]ot everyone has ridden bicycles . . . ." Opp. at 2. Those jurors that have not ridden a bike before will almost certainly have seen them on roads, trails, and crosswalks. And, as in all cases, jurors can rely on their common sense.

## Conclusion

For the reasons stated, the court grants the motion to exclude Prussin's proposed expert testimony.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 2d day of March, 2020.

_____
Senior United States District Judge