IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN R. LAKE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:18CV00244 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| ZACHARY RICHARD ADAMS, | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Defendant. | ) |

This matter is before the court on defendant Zachary Richard Adams' motion for summary judgment, in which Adams argues that plaintiff John R. Lake's state law negligence claim is barred by the exclusivity provision of Virginia's Worker's Compensation Statute (the "Act"). See Va. Code Ann. § 65.2-307. For the reasons stated, the court will deny the motion.

### Background

The core facts of this case are straightforward: Lake alleges that, on June 16, 2016, Adams negligently drove his vehicle into Lake while Lake was riding his bicycle. At the time of the accident, Lake was a lab technician employed by Virginia Polytechnic Institute and State University ("Virginia Tech"), and he was commuting to work on his bicycle. Deposition of John R. Lake ("Lake Dep.") 13:17–14:5, 17:8–12; ECF No. 26-3, Lake Decl. Specifically, Lake was on his way to a laboratory in the "HABB1 building" on Virginia Tech's campus. Id. 38:17–24. Lake was not required to perform all of his work in the HABB1 building, and there were no set hours when he needed to be there. Lake Decl. Lake "primarily" rode his bicycle on the Virginia Tech campus, often on sidewalks. He typically did not ride it around Blacksburg, unless he could use designated bike lanes. Lake Dep. 14:9–20. Virginia Tech did not compensate Lake for his commuting time, and Lake purchased his bicycle himself. Lake Decl.

Adams also worked for Virginia Tech at the time. Deposition of Zachary Adams ("Adams Dep.") 6:16–8:6. In his deposition, Adams testified that he was an assistant director in the Environmental Health and Safety Department. Id. His staff provided training on certain roadway safety issues. Id. Adams had already been at work on the morning of the accident, and was driving to have his portrait taken—as a Virginia Tech Vice President had directed—when the collision occurred. Id. 8:12–10:22.

The collision took place at the intersection of Beamer Way and Washington Street on Virginia Tech's campus and about a third of a mile from the HABB1 building. Lake Dep. 38:17–24; Lake Decl. Lake had been riding his bicycle on the sidewalk bordering Washington Street, and Adams drove into him while Lake crossed Beamer Way in the crosswalk.

In an unsworn declaration attached to his summary judgment motion, Adams states that "Virginia Tech controls and supports the campus transportation system including the roads such as Washington St. and Beamer Way and the adjacent sidewalks." ECF No. 22-3, Adams Decl. However, Lake submits an email from counsel for Virginia Tech, in which counsel stated that the Virginia Department of Transportation is responsible for maintaining "our roads." ECF No. 26-4. Adams also attaches a Virginia Tech pamphlet to his motion. The pamphlet appears to encourage bicycle riding to further university goals, and states that riding a bicycle on campus is a privilege that can be suspended. ECF No. 22-4.

## Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). In

analyzing summary judgment motions, the court must view all evidence in the light most favorable to the non-moving party. Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (en banc). An unsworn statement is admissible at the summary judgment stage only if the witness certifies that the unsworn statement is "true under penalty of perjury." 28 U.S.C. § 1746; Network Computing Servs. Corp. v. Cisco Sys., Inc., 152 F. App'x 317, 321 (4th Cir. 2005); Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993).

## Discussion

In moving for summary judgment, Adams argues that he and Lake were both acting in the course of their employment, that the accident occurred in a space maintained by Virginia Tech for the convenience of its workers, and that thus, the Act is the exclusive remedy for Lake. ECF No. 22.

Adams relies on analogy to a set of decisions by the Supreme Court of Virginia—which the parties describe as "parking lot" cases—to argue that the Act applies to Lake's injury. In Barnes v. Stokes, the plaintiff alleged that she was injured when struck by a vehicle driven by a fellow employee "in a parking lot adjacent to their place of employment" while both employees were leaving work. 355 S.E.2d 330, 330 (Va. 1987). The employer had been assigned a portion of that parking lot, and required its employees to park in the spaces in that area. Id. at 331. The accident occurred in that area. Id. The Court also noted that the parking lot was a "valuable fringe benefit for employees," benefiting both employees and the employer. Id. at 332. Considering these facts, the Court held that "while the situs of injury was not on property owned or maintained by" the plaintiff's employer, "nevertheless it was . . . in such proximity and relation to the space leased by the employer as to be in practical effect the employer's premises." Id. Thus, the plaintiff's exclusive remedy was under the Act. Id. Adams also cites Brown v. Reed, 165 S.E.2d

3

394 (Va. 1969), which the Supreme Court of Virginia applied in Barnes. In Brown, the Court concluded that an accident occurring in an employer's parking lot, which the plaintiff was walking across to clock in for the day, was covered by the Act. Id. at 395–99 ("Both [defendant and plaintiff] were using the facilities at precisely the proper time they were supposed to use them-just before reporting to work and just after finishing work.").

Applying the "parking lot" rulings to this case, Adams argues that the area in which Adams collided with Lake is under the control of Virginia Tech. See Va. Code § 23.1-2603. Further, he states that the roads and sidewalks are maintained for the benefit of employees. Thus, according to Adams, Lake's claim is barred by the exclusivity provision of the Act as were the similar claims in the cited "parking lot" cases. The court disagrees.

The Act provides for "compensation for personal injury or death by accident arising out of and in the course of the employment." Va. Code Ann. § 65.2-300. For such claims, the compensation provided under the Act "exclude[s] all other rights and remedies." Va. Code Ann. § 65.2-307. The opposite is also true. If an injury "does not arise out of or occur in the course of the employment, the exclusivity provision" of § 65.2-307 "does not apply." Giordano v. McBar Indus., Inc., 729 S.E.2d 130, 133 (Va. 2012).

The Supreme Court of Virginia has repeatedly held that "an employee going to and from work is not engaged in any service growing out of and incidental to his employment," and thus not subject to the Act, unless one of three "exceptions" applies:

> First: Where in going to and from work the means of transportation is provided by the employer or the time consumed is paid for or included in the wages.
>
> Second: Where the way used is the sole and exclusive way of ingress and egress with no other way, or where the way of ingress and egress is constructed by the employer.
>
> Third: Where the employee on his way to or from work is still

4

charged with some duty or task in connection with his employment.

GATX Tank Erection Co. v. Gnewuch, 272 S.E.2d 200, 203 (Va. 1980) (quoting Kent v. Virginia-Carolina Chemical Co., 129 S.E. 330, 331–32 (Va. 1925)) (internal quotation marks omitted); accord Ramey v. Bobbitt, 463 S.E.2d 437, 440 (Va. 1995). Here, Adams has not shown that any exception applies to Lake's circumstances.

The first exception does not apply. There is no evidence that Virginia Tech supplied Lake with his bicycle or paid for his time commuting. See, e.g., Blaustein v. Mitre Corp., 550 S.E.2d 336, 341 (Va. Ct. App. 2001) ("Mitre did not agree to provide Blaustein with transportation between her home and NSF. It only agreed to pay for Blaustein's Metro fare or her costs to park at NSF.").

Nor has Adams shown that the second exception applies. Viewing the facts in the light most favorable to Lake, the record is not sufficient to support the determination that the crosswalk over Beamer Way was exclusively controlled by Virginia Tech.[1] Thus, this case is readily distinguishable from Barnes, where the parking lot at issue was solely reserved for employee parking, and the lot was the only place employees could park. 355 S.E.2d at 331. As is relevant in this case, the public streets, sidewalks, and crosswalks within Virginia Tech's campus are generally open to the public, not just Virginia Tech employees, whether biking or not. See Ramey, 463 S.E.2d at 440 ("The public street was not in such relation to Pepsi's plant that it was in practical effect part of Pepsi's premises.").

Yet even if Adams is correct that Virginia Tech has concurrent authority over Beamer Way, the court believes that Adams' assertions are not in accord with the rulings of the Supreme Court of Virginia. See Kent, 129 S.E. at 331 (employee did not fall within the second exception where

---

[1] Adam's unsworn declaration is insufficient to establish this as a matter of law, particularly in light of the email that Lake attaches to his opposition brief. ECF No. 26-4.

he sustained an injury on his way home by the "shortest and most practical route," which was not the sole or exclusive means of access); Gnewuch, 272 S.E.2d at 204 ("When the employees have no choice, the employer is deemed to have invited them to use the one available means of ingress and egress."). Here, Lake submits evidence stating that he did not have to perform work at the HABB1 building. Moreover, it is also undisputed that Lake had multiple ways that he could have commuted to the HABB1 building.

Finally, any argument as to the third exception also fails because no evidence suggests that Lake was charged with any task in connection with his employment during his commute. See Ramey, 463 S.E.2d at 440 ("The public street was not . . . a place where Pepsi expected Ramey to be for employment purposes."). Accordingly, the court concludes that the general rule—that the Act does not apply to injuries sustained while commuting—applies here.

## **Conclusion**

For the reasons stated, the court will deny the motion for summary judgment.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This __9th__ day of April, 2020.

_____
Senior United States District Judge